UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10121-GAO

UNITED STATES OF AMERICA

v.

JEAN NORISCAT,
Defendant.

ORDER
July 14, 2015

O'TOOLE, D.J.

Defendant Jean Noriscat pled guilty to twenty-three counts of conspiracy, wire fraud, and aggravated identity theft arising from his participation in a mortgage fraud conspiracy. He was sentenced to 87 months, to be served consecutively to the 41-month sentence imposed in 2008 in United States v. Noriscat, No. 05-cr-10110-MLW. His conviction was affirmed on appeal. He now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming that his counsel was constitutionally ineffective and that his sentence was excessive and unreasonable because it was consecutive to his prior sentence.

The defendant claims that his attorney James J. Coviello was ineffective because Coviello assured him that by pleading he would receive a sentence concurrent with rather than consecutive to his prior sentence. The defendant also suggests that his attorney was deficient for failing to argue "to group[ ] all the cases together" and for not requesting that the defendant be allowed to plead to both cases at the same time. (Mem. Supp. 2255 Mot. at 8 (dkt. no. 837).) The defendant asks this Court to resentence him to effectuate his attorney's assurances and to render his sentences concurrent.

This Court has already deemed the defendant's attorney-client privilege waived to the extent he asserted a claim of ineffective assistance of counsel and communications between him and his attorney may be necessary to prove or disprove his claim. The Court also noted the defendant had explicitly waived his attorney-client privilege. (See Electronic Order 1/22/15 (dkt. no. 1013); Waiver of Attorney-Client Privilege (dkt. no. 996).) The government now contends that it cannot respond to the motion to vacate without an order from the Court requiring Coviello to discuss the defendant's assertions with the government.

Accordingly, Coviello is directed to submit an affidavit under oath within 28 days of this Order addressing the defendant's assertions as to his performance or, in the alternative, averring that he has disclosed to the government the information reasonably necessary for its response. In addition, the government remains authorized to contact Coviello with respect to this matter.

The government's Motion for Nunc Pro Tunc Order (dkt. no. 1037) is therefore GRANTED. The defendant's Motion for Default Judgment (dkt. no. 1033) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge