UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10121-GAO

UNITED STATES OF AMERICA

v.

JEAN NORISCAT,
Defendant.

OPINION AND ORDER
September 23, 2015

O'TOOLE, D.J.

In 2010, the defendant, Jean Noriscat, pled guilty in this case to a total of twenty-three counts of conspiracy, wire fraud, and aggravated identity theft arising from his participation in a mortgage fraud scheme. He was sentenced to a cumulative term of 87 months imprisonment, to be served consecutively to a 41-month sentence that had been imposed in 2008 in a separate case, United States v. Noriscat, (Noriscat I) Criminal No. CR 05-10110-MLW. His sentence in this case was affirmed on appeal. He has moved to vacate the sentence pursuant to 28 U.S.C. § 2255 on the bases (1) that his counsel's performance was constitutionally ineffective and (2) that his sentence was excessive and unreasonable because it is consecutive to his prior sentence.

Post-conviction relief pursuant to § 2255 is an extraordinary remedy that is available only if the defendant can make "a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Relief under § 2255 is available where the defendant's sentence was imposed in violation of the Constitution or laws of the United States, was imposed by a court that lacked jurisdiction, exceeded the maximum authorized by law, or is otherwise

subject to collateral attack. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The defendant bears the burden of showing that he is entitled to relief. Id.

**I.   Ineffective Assistance of Counsel**

To justify relief under Strickland v. Washington, a defendant must show "deficient performance by counsel" and "resulting prejudice." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Deficient performance is shown where "counsel's representation fell below an objective standard of reasonableness." Porter v. McCollum, 558 U.S. 30, 38 (2009) (per curiam) (quoting Strickland, 466 U.S. at 688). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 38–39 (quoting Strickland, 466 U.S. at 694). In the context of an ineffective assistance claim where the defendant has pled guilty, the "defendant must show that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The defendant argues that his lawyer rendered constitutionally ineffective assistance in three respects. First, Noriscat claims that counsel advised him that if he pled guilty, his sentence would run concurrently to the sentence imposed in Noriscat I. Second, he says that counsel was deficient in failing to request that this case be grouped with Noriscat I for sentencing. Third, he alleges that counsel was deficient by failing to argue that his sentence in this case be made concurrent with the sentence imposed in the prior case.

The last claim is simply wrong as a matter of fact. At the sentencing hearing, his lawyer argued that Noriscat's sentence should "run *concurrently* with the sentence that [the defendant] is currently serving, as much as it can." Transcript of Sentencing 25 (dkt. no. 703) (emphasis added).

Counsel had made the same argument in Noriscat's sentencing memorandum. Defendant's Sentencing Memorandum 2 (dkt. no. 641).

The defendant also suggests that his attorney was deficient by failing to arrange for the two cases to be "grouped" together for sentencing. This argument is not supported by the chronology or the facts. The defendant pled guilty to all counts in Noriscat I on November 15, 2006. He was indicted in this case a year and a half later on May 15, 2008. Though at the time of indictment for this case, he had not yet been sentenced in Noriscat I, the cases were factually distinct, and Noriscat I was before a different judge. Noriscat's sentencing in Noriscat I occurred on November 25, 2008, well before his guilty plea in this case on March 11, 2010.

Given the differences in timing and subject matter of the two cases, any attempt to "group" the two cases was far from a certain success. Doing so would have required the consent of both judges involved, something no counsel could assure. Moreover, even if the defendant had been sentenced at the same time by the same judge, that alone would not have prevented a judgment that imposed consecutive sentences for the distinct criminal episodes.

Finally, the defendant asserts that his counsel assured him that if he pled guilty in this case, he would receive a sentence concurrent rather than consecutive to his prior sentence. Counsel has provided a sworn affidavit stating that "at no time did I assure [the defendant] he would receive a concurrent sentence if he pled guilty." Affidavit of Attorney James J. Coviello ¶ 6 (dkt. no. 1075). In any event, even if the defendant's attorney had counseled the defendant as he claims, the Court clearly advised the defendant at the Rule 11 hearing that any speculation he may have made with his attorney as to sentencing options was no guarantee of a particular outcome. The defendant acknowledged he understood that the Sentencing Guidelines were advisory only and stated that the allegations detailed by the government were in fact true. See Redacted Transcript, Change of

Plea 20–21, 22–27 (dkt. no. 319-1). A defendant is bound by the statements he made under oath at a Rule 11 hearing. See, e.g., United States v. Gates, 709 F.3d 58, 69-70 (1st Cir. 2013); United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003) ("Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea."). The defendant stated under oath that he understood his plea did not ensure any sentencing outcome; he cannot now claim that his expectation otherwise amounts to a constitutional violation.

**II.     Excessiveness and Unreasonableness of Consecutive Sentence**

As a second ground for his § 2255 motion, the defendant argues that his sentence was excessive and unreasonable because it was consecutive to the sentence of his prior conviction. An identical claim was fully briefed by the parties and rejected on direct review. See United States v. Noriscat, No. 10-2314 (1st Cir. Sept. 21, 2011) (dkt. no. 819). That claim therefore may not be readjudicated here. See Singleton, 26 F.3d at 240.

**III.    Conclusion**

For the foregoing reasons, the defendant's Motion to Vacate under 28 U.S.C. § 2255 (dkt. no. 836) is DENIED.

Finally, because the defendant has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge